Ex parte LUM YOU.

(District Court, N. D. California, First Division. September 16, 1919.)

No. 16617.

ALIENS ⊙⟿32(8)—EVIDENCE INSUFFICIENT TO AUTHORIZE EXCLUSION OF CHINESE.

In habeas corpus proceedings by a Chinese, who had been previously admitted as a son of a native-born citizen, but was excluded upon his return, after a three-year visit in China, because of discrepancies in his testimony and that of his alleged father regarding conditions in China, but not relating to the question of relationship, which was the only issue in dispute, *held*, that such discrepancies were insufficient to sustain the Department's order of exclusion.

Habeas corpus proceedings by Lum You. Demurrer to petition overruled, and writ issued.

Joseph P. Fallon, of San Francisco, Cal., for petitioner.
Annette Abbott Adams, U. S. Atty., and Ben F. Geis, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

DOOLING, District Judge. The record shows that petitioner was admitted to this country in January, 1910, as the son of a native-born citizen of this country. He was then about 12 years old. In 1916 he returned to China without a preinvestigation of his status, because the serious illness of his mother in China, whom he desired to see, did not afford him time for such preinvestigation. Returning in March, 1919, he was denied admission because of certain discrepancies between his testimony and that of his alleged father, and because of other discrepancies in the testimony of the father, given at different times, in regard to the conditions in the home village. None of these latter seem to bear at all upon the question of relationship, which is the only question in dispute.

The rights of one whose status as an American citizen has already been determined, who has lived a number of years in this country without question, should be, it seems to me, more stable than to be overturned by the evidence in the present case; much of it having nothing

at all to do with the question at issue. I do not mean that a first, or second, or third adjudication of status by the Department is final, or that it may not later be set aside; but I do mean that there should be some substantial reason for so doing. To my mind such does not appear in the present case.

The demurrer will therefore be overruled, and the writ will issue as prayed for, returnable September 20, 1919, at 10 o'clock a. m.